**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MICHAEL D. CORNELIUS,

      Plaintiff,

v.                                 Case No. 13-12594

JOSEPH FINNERTY, et al.,

      Defendants.

_____/

**ORDER OF SUMMARY DISMISSAL**

Plaintiff Michael D. Cornelius, a state inmate currently incarcerated at the Ionia Correctional Facility in Ionia, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding without prepayment of the filing fee under 28 U.S.C. § 1915(a)(1). After careful consideration, the court summarily dismisses the complaint.

**I. BACKGROUND**

Plaintiff was charged with open murder, felon in possession of a firearm, carrying a concealed weapon, felony-firearm, and being a fourth felony habitual offender, for an incident that occurred in Lansing, Michigan on October 28, 2009. Plaintiff was subsequently convicted of these offenses. Plaintiff sues Defendants Joseph Finnerty, the prosecutor, and Patrick F. Cherry, the state court judge, claiming that his Fourth Amendment rights were violated by the failure to establish probable cause prior to the

1

issuance of the complaint and warrant.  Plaintiff seeks to have his alleged wrongful conviction overturned.

## II. STANDARD

Civil rights complaints filed by a *pro se* prisoner are subject to the screening requirements of 28 U.S.C. § 1915(e)(2).  *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000).  Section 1915(e)(2) requires district courts to screen and dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).  A complaint is frivolous and subject to *sua sponte* dismissal under § 1915(e) if it lacks an arguable basis in either law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A plaintiff fails to state a claim for relief when, construing the complaint in a light most favorable to the plaintiff and accepting all factual allegations as true, the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief.  *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Kline v. Roberts*, 87 F.3d 176, 179 (6th Cir. 1996); *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).

In addition, "a district court may, at any time, dismiss sua sponte a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion."  *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (*citing Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).

2

**III. DISCUSSION**

Plaintiff's complaint is subject to dismissal for several reasons.

First, to the extent that Plaintiff seeks monetary damages arising from his criminal conviction, he would be unable to obtain such damages absent a showing that his criminal conviction had been overturned. To recover monetary damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the conviction or sentence was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by the issuance of a federal writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Because Plaintiff does not allege that his conviction has been overturned, expunged, or called into question by a writ of habeas corpus, his allegations relating to his criminal prosecution, conviction, and incarceration against Defendants fail to state a claim for relief and must, therefore, be dismissed. *See Adams v. Morris*, 90 F. App'x 856, 858 (6th Cir. 2004).

To the extent that Plaintiff is seeking to have his criminal convictions vacated or set aside in this civil rights action, the civil rights complaint is subject to dismissal. Where a state prisoner is challenging the very fact or duration of his physical imprisonment and he seeks a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Lutz v. Hemingway*, 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007). A plaintiff cannot, in a § 1983 action, seek injunctive relief relating to his criminal conviction. *Nelson v.*

3

*Campbell*, 541 U.S. 637, 643 (2004).  Instead, "§ 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence."  *Id.*

Since Plaintiff appears to be asking the court to reverse his criminal conviction, his complaint would stand in habeas corpus, and not under the civil rights statute.  The current Defendants would therefore not be the proper respondents.  *See Urrutia v. Harrisburg Cnty. Police Dep't*, 91 F. 3d 451, 462 (3d Cir. 1996) (citing Rule 2(a), Rules Governing § 2254 Cases).  The only proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated habeas petitioner would be the warden of the facility where the petitioner is incarcerated.  *See Edwards v. Johns*, 450 F. Supp. 2d 755, 757 (E.D. Mich. 2006) (citing *Hogan v. Hanks,* 97 F. 3d 189, 190 (7th Cir. 1996)); *see also* Rule 2(a), Rules Governing Section § 2254 Cases.

To the extent that Plaintiff is seeking to be released from custody, his action should have been filed as a petition for a writ of habeas corpus and not a civil rights suit under § 1983.  This court will not, however, convert the matter to a petition for a writ of habeas corpus.  When a suit that should have been brought under the habeas corpus statute is prosecuted instead as a civil rights suit, it should not be "converted" into a habeas corpus suit and decided on the merits.  *Pischke v. Litscher*, 178 F. 3d 497, 500 (7th Cir. 1999).  Instead, the matter should be dismissed, leaving it to the prisoner to decide whether to refile it as a petition for writ of habeas corpus.  *Id.*  This court cannot treat Plaintiff's complaint as an application for habeas corpus relief because the court

4

has no information that Plaintiff has exhausted his state court remedies, as required by 28 U.S.C. § 2254(b)-(c), to obtain federal habeas relief.  *See Parker v. Phillips,* 27 F. App'x 491, 494 (6th Cir. 2001).  Moreover, any habeas petition would be subject to dismissal because Plaintiff has failed to name the appropriate state official as the respondent.  *See Clemons v. Mendez,* 121 F. Supp. 2d 1101, 1102 (E.D. Mich. 2000).  Finally, *Heck v. Humphrey*, 512 U.S. 477 (1994), clearly directs a federal district court to dismiss a civil rights complaint which raises claims that attack the validity of a conviction; it does not direct a court to construe the civil rights complaint as a habeas petition.  *See Murphy v. Martin,* 343 F. Supp. 2d 603, 610 (E.D. Mich. 2004).

When a prisoner's civil rights claim is barred by the *Heck v. Humphrey* doctrine, the appropriate course for a federal district court is to dismiss the claim for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3), rather than to dismiss the complaint as frivolous, because the former course of action is not an adjudication on the merits and would allow the prisoner to reassert his claims if his conviction or sentence is latter invalidated.  *See Murphy*, 343 F. Supp. 2d at 609.  Therefore, because this court is dismissing Plaintiff's § 1983 complaint under *Heck*, the dismissal will be without prejudice.  *See, e.g.*, *Finley v. Densford,* 90 F. App'x 137, 138 (6th Cir. 2004).

## IV. CONCLUSION

Accordingly, IT IS ORDERED that Plaintiff's complaint [Dkt. # 1] is DISMISSED WITHOUT PREJUDICE.

5

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  June 21, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, June 21, 2013, by electronic and/or ordinary mail.

s/Carolyn Ciesla for Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

6